# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | |
| ART HEAVY HAUL, INC. | ) | Case No. 17-19693 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | Hearing Date: Wednesday, |
| | ) | January 10, 2018, at 10:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Wednesday, January 10, 2018, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes, Room 744, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge sitting in his place or stead, and then and there present *Trustee's Motion to Sell Certain Unencumbered Trucks and Trailers*, a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

Dated: December 13, 2017                                      **PHILIP V. MARTINO**, Trustee


                                                              By: /s/ Thanhan Nguyen
                                                                   One of his attorneys

Philip V. Martino
Thanhan Nguyen
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\49028802.2

## **CERTIFICATE OF SERVICE**

   Thanhan Nguyen, an attorney, certifies that on December 13, 2017, he caused the ***Notice of Motion*** and ***Trustee's Motion to Sell Certain Unencumbered Trucks and Trailers*** to be served by operation of the Court's electronic filing system to all ECF recipients registered in this case.

- Kathryn A Klein      iln@riezmanberger.com

- Patrick S Layng      USTPRegion11.ES.ECF@usdoj.gov

- David P Lloyd      courtdocs@davidlloydlaw.com

- Nancy A Peterman      petermann@gtlaw.com,
  chilitdock@gtlaw.com,
  greenbergc@gtlaw.com

- Delin Qu      delinqu@gmail.com

The following parties were served by U.S. mail and electronic mail on December 13, 2017:

- Rob Nord      rob@martinauction.com
  Martin Auction Services
  9515 Texas Church Rd
  Clinton, IL 61727

- Douglas C. Giese      doug@markofflaw.com
  29 North Wacker Drive, Suite 550
  Chicago, IL 60606
  *Counsel for Honor*
  *Worldwide Logistics LLC*

The entities listed on the attached Service List, were served by U.S. Mail on December 13, 2017. Parties may access this filing through the Court's system.

                   /s/ Thanhan Nguyen
                   Thanhan Nguyen


Philip V. Martino
Thanhan Nguyen
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000


QB\49028802.2

**SERVICE LIST**

| | |
|---|---|
| Art Heavy Haul, Inc.<br>13067 Main Street<br>Lemont, IL 60439-9373 | HDI Gerling America Insuance Co.<br>161 North Clark St<br>48th Floor<br>Chicago, IL 60601-3213 |
| TD Auto Finance LLC<br>Riezman Berger, P.C.<br>7700 Bonhomme<br>7th Floor<br>St. Louis, Mo 63105-1960 | Arkadiusz Gruszak<br>837 N. Princeton<br>Villa Park, IL 60181-1231 |
| Art Logistics, Inc.<br>13067 Main St.<br>Lemont, IL 60439-9373 | Bank Direct Capital Finance, LLC<br>PO Box 660448<br>Dallas, TX 75266-0448 |
| Bank Of America, N.A.<br>PO Box 31785<br>Tampa, FL 33631 | Bank of America<br>PO Box 45224<br>Jacksonville, FL 32232-5224 |
| Combined Transport<br>c/o Charles Bolen, Hornecker Cowling<br>717 Murphy Rd<br>Medford, OR 97504-8425 | Daily Express Inc.<br>c/o Johnson, Morgan & White<br>2400 Veterans Memorial Blvd.<br>Kenner, LA 70062-4715 |
| Energi Insurance Services<br>10 Centennial Drive<br>Peabody, MA 01960-7900 | Grosek Law Firm<br>Michal Sadowski<br>3601 N. Pulaski Rd.<br>Chicago, IL 60641-3017 |
| Harvard Collection Services, Inc.<br>4839 N. Elston Ave<br>Chicago, IL 60630-2589 | Honor Worldwide Logistics<br>c/o Markoff Law - Robert Markoff<br>29 N. Wacker Dr., Ste. 550<br>Chicago, IL 60606-2851 |
| IPFS Corporation<br>c/o Teller, Levit & Silertrust<br>19 S. LaSalle St., Ste. 701<br>Chicago, IL 60603-1431 | Illinois Department of Revenue<br>Bankruptcy Department<br>PO Box 64338<br>Chicago, IL 60664-0338 |
| Kelleher & Buckley, LLC<br>1102 W. Wynstone Park Dr.<br>Barrington, IL 60010 | Marek Tomczyk<br>1585 Ellinwood Ave., Ste. 210<br>Des Plaines, IL 60016-4544 |
| Paragron Asset Recovery Services<br>PO Box 6068 - 15<br>Hermitage, PA 16148-1068 | Revenue Systems, Inc.<br>PO Box 15257<br>Clearwater, FL 33766-5257 |
| TD Auto Finance<br>PO Box 16035<br>Lewiston, ME 04243-9517 | |

QB\49028802.2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | |
| ART HEAVY HAUL, INC. | ) | Case No. 17-19693 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | Hearing Date:  Wednesday, |
| | ) | January 10, 2018, at 10:30 a.m. |

### TRUSTEE'S MOTION TO SELL CERTAIN UNENCUMBERED TRUCKS AND TRAILERS

Philip V. Martino, as Trustee ("**Trustee**") for the bankruptcy estate ("**Estate**") of Art Heavy Haul, Inc. ("**Debtor**"), hereby requests entry of an order, in the form filed in connection with this motion (the "**Sale Order**"), authorizing the sale in accordance with 11 U.S.C. § 363 of certain unencumbered trucks and trailers titled to Debtor. In support, the Trustee states:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

5. On June 29, 2017, Debtor filed a chapter 7 petition to initiate the above-captioned bankruptcy case, and Philip V. Martino was appointed Trustee.

6. The 341 meeting was initially held on August 2, 2017, and continued to September 6, 2017, and October 4, 2017.

7. On October 9, 2017, Trustee filed his Initial Report of Assets (Dkt. No. 25).

8. Debtor's Schedule A/B reflects interests in certain unencumbered trucks and trailers (the "**Unencumbered Vehicles**"),[1] which are more fully described in **Exhibit A**. *See also* Schedules A/B, Dkt. No. 22 at 3.

9. Upon information and belief, the Unencumbered Vehicles are currently being stored at 13067 Main St., Lemont, IL 60439.

10. Trustee has possession of certificates of title for the Unencumbered Vehicles.

11. To date, Trustee has received three offers for the Unencumbered Vehicles:

    a.    Purchase Offer from Debtor's Principal

- On October 10, 2017, counsel for Debtor informed Trustee of an offer from Debtor's principal, Arkadiusz Gruska, or a related company, affiliate, or nominee ("**Purchaser**") to purchase the Unencumbered Vehicles ("**Purchase Offer**") for $100,000.00 ("**Purchase Price**").

    b.    Auction Proposal from Auctioneer

- On October 5, 2017, Trustee spoke with Martin Auction Services ("**Auctioneer**") regarding inspection of the Unencumbered Vehicles and potential disposition of the Unencumbered Vehicles through a purchase or auction.

- On October 18, 2017, Auctioneer inspected the Unencumbered Vehicles and on October 19, 2017, proposed to sell the Unencumbered Vehicles at auction, with proceeds to go to the Estate, less an auction commission and expenses ("**Auction Proposal**").

- On October 19, 2017, Trustee responded to the Auction Proposal and—because of the existing Purchase Offer from Purchaser—requested that Auctioneer guaranty the Estate a minimum recovery net of expenses. As of the date of this Motion, Auctioneer has not responded to Trustee's request.

    c.    Credit Bid Proposal from Judgment Creditor

- On October 16, 2017, Honor Worldwide Logistics LLC, holder of a judgment entered in its favor and against Debtor ("**Judgment Creditor**"), offered to "credit bid" the full

---

[1] Trustee does not, by this Motion, seek to sell (a) the 2015 Ford Transit CA Truck or (b) the 2016 BMW 6 Series vehicle listed on Debtor's Schedule A/B, which Debtor has indicated are fully or largely encumbered.

2

amount of its judgment to purchase the Unencumbered Vehicles. Trustee informed Judgment Creditor that an unsecured creditor may not "credit bid" its claim and that merely waiving its unsecured claim would not provide sufficient value to the Estate in exchange for the Unencumbered Vehicles.

- The Judgment Creditor has requested and will be afforded an opportunity to inspect the Unencumbered Vehicles and may make a cash purchase offer at the hearing on this Motion.

12.　　Trustee believes that the Purchase Offer is appropriate, and that the Purchase Price is a favorable consideration for the Unencumbered Vehicles.

13.　　Trustee and Purchaser have engaged in arms-length negotiations regarding the purchase of the Unencumbered Vehicles. Trustee and Purchaser have agreed to sale terms, which are discussed in detail below.

14.　　The Purchase Price is the highest and best offer Trustee has received for the Unencumbered Vehicles. Trustee is therefore satisfied, in the exercise of his sound business judgment, that the consideration to be paid for the Unencumbered Vehicles is fair and reasonable and that additional marketing would not serve the interests of the Estate.

## **RELIEF REQUESTED**

15.　　By this Motion, Trustee requests that the Court enter an order authorizing him to sell the Unencumbered Vehicles to Purchaser.

16.　　The following summarizes the terms of the sale ("**Sale**") of the Unencumbered Vehicles:

(a)　　Purchase Price: The Purchase Price is $100,000.00.

(b)　　Purchaser's Deposit: Purchaser has provided Trustee with a deposit of $10,000.00 ("**Purchase Deposit**"), which Trustee will hold until the entry of the Sale Order by the Court. In the event there are no additional offers to purchase the Unencumbered Vehicles at or before the hearing on this Motion or if Purchaser is the highest bidder at auction (as further described below), then (i) the Purchase Deposit shall be applied to the Purchase Price at closing, and (ii) if Purchaser fails to close the Sale within twenty-four (24) hours after the entry of the Sale Order by the Court, Trustee shall retain the Purchase Deposit as liquidated damages.

3

(c)  Entry of Sale Order: The Trustee's and Purchaser's obligations to close on the Sale of the Unencumbered Vehicles are subject to the entry of the Sale Order by the Court.

(d)  Closing: The closing of the Sale of the Unencumbered Vehicles will take place within twenty-four (24) hours after the entry of the Sale Order by the Court.

(e)  Waiver of Fed. R. Bankr. P. 6004(h): The Sale Order provides that, notwithstanding Fed. R. Bankr. P. 6004(h), the Sale Order approving the Sale to Purchaser shall be effective immediately.

17.  Trustee believes that the Purchase Offer is reasonable under the facts and circumstances of this case. Purchaser understands that the Trustee's capacity to close the Sale is conditioned upon there being no higher and better offer received at or before the Court's hearing upon this Motion. Purchaser is nevertheless prepared to go forward with the transaction as set forth in this Motion.

18.  Auction: In the event Trustee receives additional offers to purchase the Unencumbered Vehicles at or before the hearing, Trustee (or his counsel) will conduct an auction ("**Auction**") immediately following the hearing on this Motion in a court conference room at the **United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604**.

(a)  Bidders: Any party wishing to participate the Auction will be required to (i) make an opening bid of at least $110,000.00, and (ii) provide Trustee with a deposit of $10,000.00 ("**Bid Deposit**"). Purchaser, who has already provided Trustee with the Purchase Deposit, may participate in the Auction.

(b)  If Purchaser Has Highest Bid: If Purchaser is the winning bidder at the Auction, the Sale will close on the same terms and conditions set forth above, except that the Purchase Price will be the Purchaser's winning bid. Upon closing, any Bid Deposits will be returned to the depositing party.

(c)  If Another Party Has Highest Bid: If a party other than Purchaser is the winning bidder at the Auction ("**Winning Bidder**"), the Sale to the Winning Bidder will close on the same terms and conditions set forth herein, except that the Purchase Price will be the Winning Bidder's bid. Upon closing, the Purchase Deposit will be returned to Purchaser and any Bid Deposits will be returned to the depositing party.

4

(d)  Failure to Close: If Purchaser or the Winning Bidder fail to close the Sale within twenty-four (24) hours after the entry of the Sale Order by the Court, the Trustee shall retain that party's Purchase Deposit or Bid Deposit as liquidated damages and Trustee may (but will not be required to) sell to the next highest bidder (if any) without further order of Court.

## APPLICABLE AUTHORITY

19.  Bankruptcy Code § 363(b)(1) authorizes a trustee to "use, sell, or lease" property of the estate with the Court's approval. Assets of a debtor may be sold outside of the ordinary course of business, pursuant to Bankruptcy Code § 363(b)(1), if a sound business purpose exists for doing so.

20.  Courts have held that approval of a proposed sale of property pursuant to Bankruptcy Code § 363(b) is appropriate if the transaction represents the reasonable business judgment of the trustee. *See In re Schipper*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Zeigler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

21.  If a valid business justification exists for the sale, as it does in this case, Trustee's decision to sell property outside of the ordinary course of business enjoys a strong presumption of "good faith and . . . honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992).

22.  Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See, e.g.*, *Schipper*, 933 F.3d at 515; *Zeigler*, 320 B.R. at 381; *In re Del. &*

*Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (D. Del. 1987). The proposed Sale satisfies all of these factors.

23. First, a sound business purpose exists for the Sale. The Estate has no funds to store, insure, secure, or market the Unencumbered Vehicles. Selling the Unencumbered Vehicles to Purchaser will allow Trustee to make a distribution to creditors of the Estate.

24. Second, the Purchase Price—or the winning bid at the Auction—is a fair and reasonable price for the Unencumbered Vehicles. While Trustee did receive other offers to purchase the Unencumbered Vehicles, the Purchase Offer was the only one that guaranteed a return to the Estate. Accordingly, Trustee has determined that the Purchase Offer submitted by Purchaser is the highest and best offer received for the Unencumbered Vehicles.

25. Finally, the Notice will be appropriate, as provided below, and the terms of the Sale were negotiated at arm's-length and in good faith by Trustee and Purchaser. In light of the foregoing, the Sale to Purchaser, or to a party submitting a higher or better bid for the Unencumbered Vehicles at the Auction, is warranted under Bankruptcy Code § 363.

26. *Section 363(m) and 363(n)*: "[W]hen a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." *In re Abbotts Dairies, Inc.*, 788 F.2d 143, 149–50 (3d Cir. 1986).

27. The purpose of such a finding is to facilitate a safe-harbor determination under Bankruptcy Code § 363(m), which serves the important purposes of encouraging good faith transactions and of preserving the finality of the bankruptcy court's order unless stayed pending appeal. *Id.* at 147. Courts have generally held that a good faith purchaser is one who buys "in good faith" and "for value." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).

28. The Trustee and Purchaser negotiated the terms of the Sale at arm's length, in good faith, and without collusion or other misconduct within the meaning of Bankruptcy Code §§ 363(m) and (n). The Trustee is aware of no conduct that would cause the Sale to be avoided under Bankruptcy Code § 363(n). Accordingly, the Estate and Purchaser are entitled to the protections of Code §§ 363(m) and (n) with respect to the transaction contemplated herein.

29. To the extent the parties determine that consummation of the Sale requires documentation beyond the Sale Order, or such documentation is deemed necessary or convenient by the parties in order to consummate the Sale, the Trustee asks that the Court authorize him to execute such documentation.

30. *Relief from Bankruptcy Rules 6004(h)*: The Bankruptcy Rules provide in pertinent part that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

31. Because no entity except Debtor has an interest in the Unencumbered Vehicles, Trustee believes that there is no reason to delay the Sale to Purchaser, or a competing bidder, and asks that the automatic stay provisions of Fed. R. Bankr. P. 6004(h) be waived and that the Sale Order be effective immediately upon entry.

## NOTICE

32. This Motion has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for (i) the Debtor and (ii) the United States Trustee and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System. The Motion will also be served via electronic

mail to Auctioneer and counsel for Judgment Creditor, and the Motion will be served by US Mail upon the Debtor and all creditors of the Debtor's estate.

**WHEREFORE**, Trustee prays that an order be entered (a) approving sale of the Unencumbered Vehicles to Purchaser (or any third-party bidding more to purchase the Unencumbered Vehicles prior to entry of an Order granting this Motion), (b) waiving the provisions of Fed. R. Bankr. P. 6004(h), and (c) for such further relief as is reasonable and just.

                                             **PHILIP V. MARTINO**, Trustee

                                             By:  /s/ Thanhan Nguyen
                                                     One of his attorneys

Philip V. Martino
Thanhan Nguyen
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000